IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    WILLIAM MOLDEN, | ) | |
| | ) | |
|          Plaintiff, | ) | |
| v. | ) | CIV-13- 677-M |
| | ) | |
| 1.    INDEPENDENT SCHOOL | ) | |
|       DISTRICT NO. 89 OF OKLAHOMA | ) | |
|       COUNTY, OKLAHOMA a/k/a | ) | |
|       OKLAHOMA CITY PUBLIC | ) | |
|       SCHOOLS, | ) | |
| 2.    TAMIE SANDERS, in her official and | ) | |
|       individual capacity as Principal of | ) | |
|       U.S. Grant High School, | ) | |
| 3.    JEREMY REICHMAN, in his official | ) | |
|       and individual capacity as Assistant | ) | |
|       Principal of U.S. Grant High School, | ) | |
|       and | ) | |
| 4.    MARY BARRETT, in her official and | ) | |
|       individual capacity as Assistant | ) | |
|       Principal of U.S. Grant High School, | ) | |
| | ) | **Jury Trial Demanded** |
|          Defendants. | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, William Molden, and for his causes of action against the Defendants would herein allege and state as follows:

## PARTIES

1. The Plaintiff is William Molden, an African American adult male residing in Oklahoma County, Oklahoma;

2. The Defendants are:

    A. Independent School District No. 89 of Oklahoma County, Oklahoma, a/k/a Oklahoma City Public Schools, a governmental entity conducting business in Oklahoma County, Oklahoma (hereinafter referred to as "OKCPS");

    B. Tamie Sanders, in her official and individual capacity as the Principal

of U.S. Grant High School for the OKCPS (hereinafter referred to as "Sanders");

   C. Jeremy Reichman, in his official and individual capacity as the Assistant Principal of U.S. Grant High School for the OKCPS; and

   D. Mary Barrett, in her official and individual capacity as the Assistant Principal of U.S. Grant High School for the OKCPS.

   3. Defendants are officers and/or employees of the OKCPS and were acting under the color of their authority at all pertinent times hereto.

## JURISDICTION AND VENUE

   4. This is a cause of action arising out of Plaintiff's employment with Defendant OKCPS and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination and retaliation; (2) violation of Title VII of the Civil Rights Act of 1964 in the form of retaliation for opposing discriminatory practices in the workplace and filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (3) violation of Plaintiff's Fourteenth Amendment constitutional right to equal protection of the laws made actionable by 42 U.S.C. § 1983; (4) unlawful interference with contract in violation of Oklahoma state law; and (5) violation of Plaintiff's right to free speech under the First Amendment made actionable by 42 U.S.C. § 1983. Plaintiff's constitutional injuries were caused by state actors.

   5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

   6. Plaintiff has exhausted his administrative remedies as to the above-listed claims by filing timely Charges of Discrimination with the EEOC. Plaintiff filed a Charge of

Discrimination on or about April 3, 2013. His Notice of Right to Sue is dated April 3, 2013. Plaintiff has timely filed his Complaint within ninety (90) days of receipt of that initial Right to Sue. Plaintiff filed a second Charge of Discrimination on or about June 28, 2013. Such Charge is currently pending. Plaintiff also issued a Notice of Governmental Tort Claim on or about June 24, 2013. Such claim is currently pending.

7. The Defendants are located in Oklahoma County and can be served in such county. All acts complained of occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

8. Mr. Molden, a Black male, began his employment with OKCPS in or around February 2009 as an Attendance Advocate at U.S. Grant High School. He was hired by Dr. Rodney Stearns, former Principal at U.S. Grant.

9. In or around July 2011, Tamie Sanders (who is White) became the Principal of U.S. Grant High School. From the outset, Ms. Sanders treated Mr. Molden differently than the other non-Black employees. For instance, Ms. Sanders did not respond to Mr. Molden's emails, although she would respond to other Attendance Advocates' emails, even though Mr. Molden was the Lead Attendance Advocate at the time.

10. In or around January 2012, Ms. Sanders hired a White male as another Attendance Advocate. The White male was paid almost double the amount that Mr. Molden was paid. Mr. Molden was then required to train this individual.

11. In or around Spring 2012, Ms. Sanders changed the reporting structure so that Mr. Molden no longer reported directly to her. Instead, Mr. Molden reported to Assistant Principal Mary Barrett, a White female. Significantly, Ms. Barrett addressed each of the

Attendance Advocates as "Mr.", except for Mr. Molden, who she referred to as "Molden." And, during her first semester as the Attendance Advocate supervisor, Ms. Barrett gave Mr. Molden an unsatisfactory evaluation, though his previous evaluations were satisfactory or better. Mr. Molden asked Ms. Barrett about the negative evaluation, but she did not provide an explanation for the ratings on the evaluation or offer advice for improvement.

12. On or about May 14, 2012, Ms. Sanders terminated Mr. Molden. She claimed that the school's funding had been cut and they allegedly could no longer support Mr. Molden's position. In addition, Ms. Sanders terminated another Black male who had worked as an Attendance Advocate at U.S. Grant for three (3) years for the same alleged reason. However, Ms. Sanders retained two (2) recently hired Attendance Advocates, a White male and a Hispanic Male, who had been employed for less that five (5) months. And, both retained employees were paid significantly more than Mr. Molden.

13. On or about June 14, 2012, Mr. Molden filed a Charge of Discrimination with the EEOC, alleging unlawful termination due to race discrimination. Mr. Molden notified the EEOC that another African American Attendance Advocate was also terminated, but the two (2) non-African American advocates were retained. Upon information and belief, OKCPS received notice of Mr. Molden's EEOC filing in or around early July 2012.

14. In or around late July 2012, Mr. Molden received a phone call from Ms. Sanders' secretary instructing him to report back to work, which he did.

15. In or around August 2012, Ms. Sanders claimed a drug dog "hit" on Mr. Molden's vehicle and she authorized a search of Mr. Molden's vehicle. Mr. Molden consented to the search and nothing was found in his vehicle. No other employees' cars were searched. At the time of the search, a bus of students arrived at school and afterward many students and colleagues asked about the incident and if Mr. Molden had a drug problem. Mr.

Molden received no apology from Ms. Sanders for the public search of his personal property and the harm to his reputation resulting from the same.

16. On or about March 8, 2013, Mr. Molden received a first written warning from Jeremy Reichman (who is White), Assistant Principal. Mr. Reichman claimed the reason for the write-up was that Mr. Molden allegedly allowed two (2) former students to enter the school without going through the security scanner. However, a White co-worker had previously committed a similar alleged offense and was not disciplined. Also, at the time of the incident, Mr. Molden was assisting a teacher with an issue involving In-School Suspension students. And, other school employees present on the day in question had the authority to detain the former students, but did not do so. Unlike Mr. Molden, those other employees were not disciplined for the incident.

17. On or about March 12, 2013, Mr. Molden filed another EEOC Charge based on the unwarranted disciplined from Mr. Reichman. In or around late March 2013, Mr. Molden was informed by email that the Attendance Advocates positions at U.S. Grant would be eliminated effective June 2013 due to sequestration. However, at all other OKCPS high schools, Attendance Advocates were retained, despite the sequestration cuts.

18. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - 42 U.S.C. § 1981

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19. This Count goes against all Defendants.

20. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

21.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

22.     Because the actions of the individual Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## COUNT II - Title VII (Race and Retaliation)

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23.     This Count goes only against Defendant OKCPS.

24.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of race discrimination and retaliation.

25.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

## COUNT III - Title VII (Retaliation)

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     This Count goes only against the Defendant OKCPS.

27.     The matters alleged above constitute a violation of Title VII of the Civil Rights Act of 1964 for retaliating against Plaintiff for opposing discriminatory practices within the workplace and for filing a Charge of Discrimination with the EEOC.

28.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

## COUNT IV - 42 U.S.C. § 1983 (Equal Protection)

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29. This Count goes to all Defendants.

30. The Defendants, who have final policy-making authority, were acting under the color of their authority in a manner which deprived Plaintiff of his constitutional right to equal protection. Further, such actions were representative of an official policy or custom of Defendant OKCPS. Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

31. The actions listed above have caused a physical, mental and emotional injury to the Plaintiffs in an amount to be determined by the jury.

32. To the extent that the actions of any individual Defendant are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

## COUNT V - Unlawful Interference with Contract

For his sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

33. This Count goes against Defendant Sanders.

34. The acts above-described constitute unlawful interference with a contractual relationship. Defendant Sanders' actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant OKCPS when he was wrongfully terminated and suffered damages as a result. Defendant Sanders had no justification, excuse,

or privilege for such interference.

35.     As damages, Plaintiff is entitled to all damages allowed by state law.

### COUNT VII: First Amendment Violation

For his seventh cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

36      This count goes against all Defendants.

37.     The individual Defendants were acting under the color of their authority in a manner which deprived Plaintiff of his constitutional right to the freedom of speech.

38.     The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question. Plaintiff's comments as stated herein constitute protected comments on matters of public concern as Plaintiff complained about the race discrimination he and another African American attendance advocate experienced when both of their positions were wrongfully eliminated. The actions of the Defendants were in deliberate indifference to the constitutional rights of Plaintiff. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

39.     The matters alleged above represent violations of Plaintiff's rights under the First Amendment which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

40.     Because the actions of the individual Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### PRAYER

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages,

punitive damages against the individual, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF JULY, 2013.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, OK 73139**
**(405) 239-3800      (telephone)**
**(405) 239-3801      (facsimile)**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**